UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No. 26-mj-77 (SRN/ECW)

UNITED STATES OF AMERICA,

Plaintiff,

v.

KIRUBELE ADBEBE,

Defendant.

**GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS CONCERNING DISCOVERY.**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and John R. Arboleda, Special Assistant United States Attorney, hereby submits its consolidated response to the defendant, Mr. Kirubele Adbebe's pretrial motions. (ECF Nos. 30,31,32,34,35,36). The United States further respectfully requests the opportunity to file supplemental briefing, if necessary, based on any reply filed by Mr. Adbebe or any oral arguments to the Court.

## RESPONSE TO DISCOVERY MOTIONS.

### a.  *Defendant's Motion for Protective Order (ECF No. 35)*

Adbebe moves this court to enter a protective order under Rule 16(d), ordering that "any photographs of Mr. Adbebe, including the staged photograph, not be disseminated or shared, either privately or publicly, by the United States or its officers and agents. (ECF No. 35 at 18). Adbebe further requests that to the extent that any officer or agent of the United States has

1

posted photographs of Mr. Adbebe on social media, including but not limited to publication on those officials' X accounts, that said photographs be removed from the respective social media accounts within three days of any court order and no further publication occur." *Id.*

In support of his motion for a protective order, Adbebe argues that the Government's taking, use, and dissemination of the staged photograph of Mr. Adbebe had no legitimate law enforcement purpose, and was a departure from federal policy, and thus, is entitled to the requested relief under Rule 16(d). The government opposes this motion for the following reasons.

Under Federal Rule of Criminal Procedure 16(d)(1), the court may, for good cause, deny, restrict, or defer discovery, or grant other appropriate relief to protect a party or nonparty from disclosure of sensitive information. The rule vests broad discretion in the trial court to issues protective orders to safeguard confidential materials, prevent undue burden, and preserve the integrity of ongoing investigations. See *United States v. Ladeaux*, 61 F.4th 582, 586 (8th Cir. 2023) (holding that Rule 16(d)(1) permits a district court to limit discovery for good cause and that a general protective purpose may suffice.). The moving party bears the burden to show good cause. Fed. R. Crim. P 16(d)(1). Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007) (quoting *Pansy v. Borough of*

2

*Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing. *Id.* Adbebe's motion fails to show good cause and requests an inappropriate remedy under Rule 16(d)(1). See *United States v. Richmond, 4:24-CR-40139-KES, 2026 WL 381746 (D.S.D. Feb. 11, 2026)* (Where the court denied Defendant's motion for a protective order, finding that defendant failed to show good cause because defendant's motion was entirely premised on an allegation of government misconduct, and defendant's request to restrain government officials from certain conduct exceeded the scope of a protective order). Indeed, Adbebe's motion is premised entirely on an allegation of an "unethical disclosure", an alleged violation of the sealing order, and an alleged departure from internal policy. (ECF No. 35). Adbebe, fails to demonstrate a well-defined injury, and leans on unsubstantiated allegations of potential harm. These allegations are far outside the scope of discovery and the materials or information that Rule 16(d)(1) is designed to protect. Defense cites to *Detroit Free Press Inc. v. United States Dep't of Justice*, 829 F.3d 478 (6th Cir. 2016) and 28 C.F.R § 50.2, but none of these authorities establish that Rule16(d) authorizes prophylactic orders restraining government officials, directing a law enforcement agency to not act or not act in their official or private capacity in a particular manner in

3

response to generalized allegations of misconduct. *See United States v. Richmond, 4:24-CR-40139-KES, 2026 WL 381746 (D.S.D. Feb. 11, 2026).*

Moreover, the relief requested—ordering that any photographs of Mr. Adbebe, not be disseminated or shared, either *privately* or publicly, *by the United States* or its officers and agents, and ordering the removal of any photographs already shared—far exceeds the scope of a protective order. A protective order is intended to shield parties or non parties from annoyance, embarrassment, oppression, or undue burden **in connection with discovery**, not to address a generalized grievance or alleged acts of misconduct, or internal policy violations. *Id.* at 2 (emphasis added). Indeed, the conduct in question concerns information that was disclosed to the public prior to the government's discovery obligations under Rule 16, *Brady, Giglio*, or Jencks. Framing the motion under one to "prevent further harm", without identifying specifically the *actual* harm while acknowledging the impossibility of removing information from the internet, without more, does not transform these claims into good cause grounds for Rule16(d) relief, nor does it establish it as an appropriate vehicle for the requested relief.

Therefore, the court should deny Adbebe's motion for a protective order.

### b.    *Defendant's Motion for Evidentiary Hearing (ECF No. 36)*

Adbebe moves this court for an evidentiary hearing regarding his motions "to determine both the extent of the privacy violations identified herein as well as the impetus behind such violations." (ECF No. 36). The Government opposes the granting of an evidentiary hearing on the basis requested by Adbebe.

Adbebe's request for an evidentiary hearing on this basis does not provide a cognizable legal claim tied to a recognized remedy under the criminal framework. Indeed, this hearing does not seek to suppress, dismiss, nor does it identify a specific constitutional violation that *could* result in a remedy either through a ruling on admissibility of evidence, the validity of the charge, or a defense. This request instead inappropriately seeks to explore "privacy violations" and the "impetus behind such violations." (ECF No. 36 at 19). Allegations regarding publicity, reputational harm, or internal policy do not provide a cognizable basis for relief in a criminal case without more. Adbebe's request is one of collateral concerns that do not bear on guilt or admissibility. Adbebe relies on Rule 16 and *Brady v. Maryland*, to justify this request, but neither provide a basis for this request. Indeed, *Brady* is a trial right that is tethered to evidence that would affect the outcome of the *trial* because it supports an affirmative defense or tends to negate the government's proof on an essential element of the offense.  In other words, *Brady* applies to evidence

that is "material either to guilt or to punishment." *United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012). It is not a general discovery device. *Id.* Nor does it require disclosure of any and all information that the defense deems "helpful." *Kyles v. Whitley*, 514 U.S. 419, 436-37 (1995). Here, Adbebe's complaint is that the government posted his name, a picture, and the charge online. (ECF No. 36). There is no dispute that occurred and Adbebe has not explained how any additional information to a post that occurred 15 days _after_ the events giving rise to his arrest, by a government official distant to the investigation and prosecution of this case implicates the government's *Brady* obligations.

What Adbebe seems to be arguing is that the decision to post Adbebe on X, hours before his initial appearance, has some indicia to potential motions to dismiss for malicious prosecution and outrageous government conduct. *See* ECF No. 27. While a defendant may be entitled to discovery as to a defense such as vindictive prosecution or outrageous government conduct, he must first come forward with evidence "tending to show the existence of the essential elements of the defense." *See United States v. Armstrong*, 517 U.S. 456, 458 (1996); *United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004) (the defendant must "produce at least some credible showing" on the elements). "[M]ere allegations" are insufficient to be entitled to discovery. *United States v. Aanerud*, 893 F.2d 956, 960-61 (8th Cir. 1990).

Here, Adbebe had not allged that as a defense, nor has he cited to case law which would support a claim of vindictive prosecution or outrageous government conduct for posting a photograph. In short, it seems like the defendant is asking the Court to convene a hearing not to resolve a legal issue tied to the merits of the charged conduct, but to explore a narrative about government conduct. Therefore, the Government opposes the granting of this request.

### c.    *Defendant's Pretrial Motion for Disclosure of Grand Jury Minutes and Transcripts. (ECF No. 32)*

On March 11, 2026, Adbebe moved to compel disclosure, requesting: (1) the grand jury transcript and minutes, and (2) evidence presented to a grand jury, (3)." [1]

For reasons that will be provided to the Court ex parte due to grand jury secrecy rules, this motion should be denied.  To the extent that any grand jury information is exculpatory as defined by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny or constitutes Jenks pursuant to 18 U.S.C. §3500, the United States agrees to disclose it.

---

[1] Consistent with Rule 6(e), the United States does not acknowledge the existence or non-existence of any such information.

### d.    *Defendant's Pretrial Motion for List of Government Witnesses.*
### *(ECF No. 31).*

Mr. Adbebe moves this court to enter an order requiring the government to produce "a list of all individuals they intend to call as a witness at trial, and that such list include the name and address of each potential witness, regardless of whether the Government intends to actually use said witness in its case in chief, or rebuttal." (ECF No. 31). Mr. Adbebe further moves this court to order the disclosure of the above individuals no later than three weeks prior to trial. *Id.*

The United States opposes the motion as beyond the scope of its obligations under Fed. R. Crim. P. 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.  "[U]nder general legal principles the Government ha[s] no obligation to supply such a list." *United States v. John Bernard Indus., Inc.*, 589 F.2d 1353, 1357 (8th Cir. 1979); s*ee United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) (noting that "government properly objected" to pretrial motion for witness list and upholding district court's order for government to instead provide witness discovery "prior to cross-examination" of witness at trial); *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("It does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably.").

Moreover, the United States does not yet know which witnesses it intends to call at trial.

The United States agrees, however, to provide a potential witness list to Mr. Adbebe and to the Court within a reasonable time and/or in accordance with the court's scheduling order. The United States also understands its obligation under *Giglio* and *Brady* to disclose certain other impeachment evidence, if any, for its witnesses. The United States declines to provide any such material with respect to persons who will not be called as witnesses since such a request is beyond the scope of *Brady*, *Giglio*, and their progeny. *See United States v. Eisenberg*, 469 F.2d 156, 160 (8th Cir. 1972); *Miller*, 698 F.3d at 704 (addressing motion under Fed. R. Crim. P. 16(a)(1)(E)(i)); s*ee also United States v. Presser*, 844 F.2d 1275, 1283-85 (6th Cir. 1988) (discussing government's disclosure obligations under *Brady*, *Giglio*, the Jencks Act, and Rule 16).

### e.     *Defendant's Pretrial Motion for Discovery and Inspection.*

### *(ECF No. 30).*

The United States has made its Rule 16 disclosures and will continue to supplement its disclosures as additional materials come into its possession. Adbebe has not identified any evidence or materials, or category of evidence or materials, to which he is entitled to under constitutional or statutory authority

9

that has not already been produced by the Government. For its part, the Government does not believe there is any.

The United States objects to any discovery Order which exceeds the requirements of Federal Rules of Criminal Procedure Rule 16. Indeed, criminal defendant's do not have a general constitutional right to discovery. *United States v. Johnson*, 228 F.3d 920 (8th Cir. 2000). Therefore, in most circumstances, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government. *Id.* Here, Adbebe has failed to do just that. Indeed, Adbebe's motion requests 8 different bullets of discovery without citing a single authority. Therefore, the government responds having to assume that Adbebe is requesting the following under Rule 16.

As to requests 1, 2, 3, and 8, the government has disclosed or made available for viewing to Adbebe any media in the government's possession, including video or 'audio camera' footage relating to the criminal violation concerned. Therefore, this request should be denied as moot.

As to request No. 4, Adbebe requests "Copies of all radio traffic, dispatch records, cell phone communications, and any other communication between or agents and law enforcement personnel regarding this incident, whether such data is stored on a government or private device or other storage media." (EFC No. 30 at 2). The government opposes this request because it is outside the

scope of Rule 16. Indeed, it is well settled in the Eighth Circuit that Rule 16 allows for the discovery of statements made by defendants, but not statements made by others. *United States v. Dornsbach*, 22-CR-00048, 2023 WL 2666480 (D. Minn. Mar. 28, 2023) citing *United States v. Mayberry*, 896 F.2d 1117,1122 (8th Cir. 1990); *United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992) (Rule 16 "stresses that only 'statements made by the defendant' are discoverable."); *United States v. Hoelscher*, 914 F.2d 1527 (8th Cir. 1990) ("Rule 16 provides that statements of Government witnesses are not discoverable except as provided by Title 18 U.S.C. § 1500,the Jencks Act.). The government however, will reiterate that it understands its *Brady* obligation and will comply, therefore, to the extent that this information constitutes *Brady* and its progeny, it will comply.

As to request No. 5. Adbebe, requests "All documents, communications, phone records, text messages, chats, emails, transmittals, and any other exchange of information between or among DHS, CBP, FPS, the U.S. Attorney's Office for the District of Minnesota, the Department of Justice, and any other law enforcement or prosecutive authorities regarding the potential or actual charging, declination, presentment, dismissal, recharging, or recharacterization of any criminal charges related to the Defendant." (ECF No. 30 at 2). The government opposes this request.

Fed. R. Crim. P. 16(a)(2), authorizes the government to refuse discovery of reports, memoranda or other government documents made by an attorney for the government, or other government agents in connection with the investigation or prosecution of the case prior to trial. Fed. R. Crim. P. 16(a)(2); *United States v. Krauth*, 769 F.2d 473 (8th Cir. 1985). Furthermore, it is well settled in the Eighth Circuit that Rule 16 allows for the discovery of statements made by defendants, but not statements made by others. *United States v. Dornsbach*, 22-CR-00048, 2023 WL 2666480 (D. Minn. Mar. 28, 2023) citing *United States v. Mayberry*, 896 F.2d 1117,1122 (8th Cir. 1990). Consequently, Rule 16 does not require the United States to produce communications between or among ICE, DHS CBP, The U.S. Attorney's Office for the District of Minnesota, The Department of Justice, and any other law enforcement or prospective authorities, nor does it allow for records, documents, text messages, chats, emails, transmittals, or 'other exchange of information'. *Id.*

As to request No. 6, Adbebe requests "all law enforcement records or curricula for any law enforcement officers involved in Mr. Adbebe's arrest and the incident alleged in the information." (ECF No. 30 at 2). The government objects to this request as beyond the scope of its *Brady*, *Giglio*, and Jencks obligations. Insofar as the defendant requests information regarding witnesses who the government does not intend to call at trial, the government objects to those disclosures as beyond the scope of *Brady* and *Giglio*. As it relates to trial

witnesses, the government objects to *early* disclosure of these materials as beyond the scope of those cases. *Brady* is not a "discovery device." *United States v. Bowie*, 618 F.3d 802, 818 (8th Cir. 2010). Indeed, "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Madsen v. Dormire*, 137 F.3d 602, 605 (8th Cir. 1998) (quoting *Weatherford*, 429 U.S. at 559); *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("The Constitution does not require the prosecutor to share all useful information with the defendant."). Accordingly, the government objects to the defendants' motion to the extent that it goes beyond the requirements of *Brady*, *Giglio*, and their progeny both as to the nature and timing of the requests.

Moreover, as it relates to impeachment material encompassed in these requests, "[t]he Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment. *Giglio* held that disclosure of evidence affecting the credibility of a witness falls within this rule." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady* and *Giglio*). It follows then, that disclosure of impeachment material, like *Brady* material, is timely if it is produced in time for use at trial. *See United States v. Jeanpierre*, 636 F.3d 416, 422 (8th Cir. 2011) (citing *United States v. Almendares*, 397 F.3d 653, 664 (8th Cir. 2005) ("*Brady* does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant

to use it at trial."). The government is aware of its various *Brady* and *Giglio* obligations and intends to timely comply. To that end, the government agrees that it will disclose criminal record information, adverse, and disciplinary findings constituting *Giglio*, if any, for its testifying witnesses, if any, before trial.

As to request No. 7, the government opposes this request. Adbebe is not entitled to this information. As this court has recognized, affidavit drafts are considered opinion work product that are entitled to absolute protection from disclosure. *United States v. Williams*, 23-CR-236 (JWB/ECW), 2024 WL 4589865 (D. Minn. Oct. 28, 2024), report and recommendation adopted in part, CR 23-236 (JWB/ECW), 2024 WL 5004473 (D. Minn. Dec. 6, 2024).

### f.   *Defendant's Motion for Discovery (ECF. No. 34)*

Adbebe, requests the "disclosure of the identity of any DHS agents, U.S. Marshal personnel, or other government personnel who participated, took, or appeared in the staged photo of Mr. Adbebe after his self-surrender", under Rule 16. The government opposes this request as outside the scope of Rule 16. Since Adbebe has not indicated, exactly how Rule 16 encompasses this request, the government assumes that this request is made under Rule 16(a)(1)(E). Under Rule 16 (a)(1)(E), the prosecutor is obligated upon the defendant's request to "permit the defendant to inspect and to copy or photograph books,

14

papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody or control." *See United States v. Ivers*, 022CR00341RWPHCA, 2023 WL 2182327 (D. Minn. Feb. 23, 2023). These items must be "material …preparing the defense", intended to be used in the prosecution's "case-in-chief", or obtained from or belong[ing] to the defendant. Fed. R. Crim. P. 16(a)(1)(E)(i)-(iii). A showing of materiality is not satisfied by a mere conclusory allegation that the requested information is material to the preparation of the defense. *United States v. Krauth*, 769 F.2d 473 (8th Cir. 1985)(discussing predecessor to Rule 16(a)(1)(E)(i) and finding a discovery motion properly denied where the defendant failed to produce evidence that the requested information would be helpful to the defense). To demonstrate materiality, a defendant must show "more than that [the requested information] bears some logical relationship to the issues in the case. *United States v. Hoeffener*, 4:16CR00374 JAR/PLC, 2017 WL 3676141 (E.D. Mo. Aug. 25, 2017), *aff'd,* 950 F.3d 1037 (8th Cir. 2020) citing *United States v. Ross*, 511 F.2d 757. 762 (5th Cir. 1975) (discussing predecessor to Rule 16(a)(1)(E)(i)). In particular, a defendant must show that disclosure of the requested information "would enable the defendant significantly to alter the quantum of proof in his favor. *Id.* More specifically, a defendant must show "case-specific facts that would demonstrate the materiality of the information sought." *Id.* Citing

15

*United States v. Santiago*, 46 F.3d 885, 895 (9th Cir. 1995). Thus, to obtain these items, "the defendant must make a threshold showing of materiality." *United States v. Ivers*, 022CR00341RWPHCA, 2023 WL 2182327 (D. Minn. Feb. 23, 2023) citing *United States v. W. R. Grace*, 401 F. Supp. 2d 1069 (D. Mont. 2005). Adbebe's request on its face, does not appear to fit within Rule 16. However, assuming *arguendo*, that it does, he has failed to meet the threshold of materiality as required under this Circuit. See *Id.* Adbebe only makes conclusory statements that the taking and dissemination of a picture that occurred two weeks after he was initially arrested has a logical connection to the government's decision to prosecute this case and fails to make a logical connection to the facts constituting the offense itself. (ECF No. 27 at 16) ("the timing of the photo's dissemination and its use on the Government social media evidence that the government charged Mr. Adbebe to deter and intimidate other protestors and to promote the consequences of Metro Surge".).

Adbebe also requests the "disclosure of any communications by any officials at the Department of Justice or DHS regarding the publication or Mr. Adbebe's photo by the Attorney General Bondi's X account or DHS's X account, or the timing of Mr. Adbebe's charging and self-surrender." The government again opposes this request as outside the scope of Rule 16. As the government has indicated above, Fed. R. Crim. P. 16(a)(2), indicates that Rule 16(a)(1)(A)-(D), (F), and (G) does not authorize the discovery or inspection of reports,

16

memoranda or other internal government documents made by an attorney for the government, or other government agents in connection with the investigation or prosecution of the case. Fed. R. Crim. P. 16(a)(2); *United States v. Krauth*, 769 F.2d 473 (8th Cir. 1985). Furthermore, it is well settled in the Eighth Circuit that Rule 16 allows for the discovery of statements made by defendants, but not statements made by others. *United States v. Dornsbach*, 22-CR-00048, 2023 WL 2666480 (D. Minn. Mar. 28, 2023) citing *United States v. Mayberry*, 896 F.2d 1117,1122 (8th Cir. 1990). Furthermore, and like in the above request, Adbebe has failed to meet the threshold of materiality.

## CONCLUSION.

Based on the foregoing, the United States respectfully requests that the Court deny Adbebe's Motions. (ECF Nos. 30,31,32,34,35,36).

Dated: March 25, 2026                    Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/ John R. Arboleda*
BY: John R. Arboleda
Special Assistant U.S. Attorney

17