UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No. 26-mj-77 (SRN/ECW)

UNITED STATES OF AMERICA,

Plaintiff,

v.

KIRUBELE ADBEBE,

Defendant.

**GOVERNMENT'S MOTION TO HOLD DISCLOSURE DEADLINES IN ABEYANCE PENDING AN ORDER ON THE MOTION TO DISMISS**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, Kristian Weir, Assistant United States Attorney, and Robert Tucker, Special Assistant United States Attorney, hereby submits this motion to hold the disclosure deadlines in abeyance pending the Court's ruling on the government's motion to dismiss.

## BACKGROUND

In March 2026, the defendant filed certain pretrial motions, including (1) a motion for discovery and inspection ("discovery motion"), and (2) a motion for an order to show cause, for Rule 16 discovery, for a protective order, and for an evidentiary hearing ("show cause motion"). ECF No. 27, 30.

The discovery motion sought certain categories of information, including all documents and communications among certain federal agencies regarding

1

the decision to bring criminal charges related to the defendant, and all draft affidavits prepared in anticipation of charging.  ECF 30, at ¶¶ 5, 7.

The show cause motion argued that the Court had authority "to impose civil contempt" or sanction the government for the then-Attorney General's posting of the defendant's photo on social media, which the defendant alleged was a violation of this Court's sealing order.  ECF No. 27, at 3, 10-16.  The principal relief sought by the defendant was the removal of the posts from social media and the imposition of a fine against the government for failure to remove them immediately.  *Id.* at 15.  In connection with the motion, the defendant also sought discovery under Fed. R. Crim. P. 16 of: (1) the identity of any government personnel "who participated, took, or appeared in the staged photo" of the defendant; and (2) "any communications" by any DOJ or DHS officials "regarding the publication of Mr. Adbebe's photo by Attorney General Bondi's X account or DHS's X account, or the timing of Mr. Adbebe's charging and self-surrender."  *Id.* at 18.

The government also responded to the defendant's discovery motion. The government objected to the defendant's request for information underlying the charging decision as beyond the scope of Rule 16 and privileged work product material.  ECF No. 45, at 11-14.  The government also responded to the defendant's show cause motion, arguing that: the government did not violate the sealing order; civil contempt was inappropriate relief; and the

defendant failed to establish a need for the court to use any inherent power to sanction.  ECF No. 47.

On April 14, 2026, the Court held a hearing on the defendant's motions, at which the Court made oral rulings, which the Court later memorialized in a written Order.  ECF No. 59.  With respect to the discovery motion, the Court granted the motion insofar as the materials sought were within the scope of Rule 16 and the government's *Brady/Giglio* obligations, and set a deadline of May 12, 2026, for the government to provide an *ex parte* submission of any documents or communications related to the charging decision that the government was withholding on work-product grounds.  *Id.* at 2-4.

With respect to the defendant's show cause motion, the Court ordered the Government to disclose the information sought by Mr. Adbebe—related to the identities of government personnel who participated in the photos of the defendant and any communications involving the publication of those photos— "within 14 days of the date of the hearing, that is, by April 28, 2026."  *Id.* at 6. At the hearing, the Court found that these disclosures were authorized both under Rule 16 (as relevant to the defenses of vindictive prosecution and outrageous government conduct) and under the Court's authority to determine whether the sealing order had been violated and whether sanctions were appropriate.  Mot. Hrg. Tr. 95-99.

### THE GOVERNMENT'S MOTION TO DISMISS
### AND THE DEFENDANT'S RESPONSE

On April 15, 2026, the government moved to dismiss the case against the defendant without prejudice. ECF No. 54. In a subsequent letter to the Court, the government explained the motion to dismiss was for evidentiary reasons that arose after "a more fulsome review of the additional video evidence [that] was not available at the time the complaint issued." ECF No. 56.

On April 17, 2026, the defendant filed a response to the government's motion to dismiss. ECF No. 58. In his response, the defendant "consent[ed] to the dismissal of the case," but requested that the dismissal be with prejudice because dismissal without prejudice "would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." *Id.* He argued that the government's decision to dismiss was based on the "wish to avoid compliance with the Magistrate Court's order," which showed that the government "could recharge Mr. Adbebe at a later time in the hopes of a more favorable outcome, such as the assignment of a different magistrate judge who will not order similar disclosures." *Id.* at 18.

This Court has not yet ruled on the government's motion to dismiss.

ARGUMENT

The government has been working to locate, assemble, and collect materials for the April 28 disclosure deadline.  The materials the Court ordered disclosed, however, did not originate in United States Attorney's Office for the District of Minnesota, nor was the Office in possession of such material at the time the Court ordered disclosure.  As a result, counsel for the government has been working to identify the appropriate people to contact to obtain responsive material and work with agencies involved to gather all responsive materials. As part of that process, counsel learned that the materials reside on multiple devices in the possession of agents scattered throughout the country. The government has received some responsive materials and expects more. Additionally, from what the government has received so far, it is apparent that a discovery log is needed for communications as well as documents connected to the photograph of the defendant. The government is working to ensure that all materials for the required disclosures are gathered, organized, and reviewed, and that a privilege log requested by the Court is produced as fast as possible. Because of the challenges associated with locating, organizing, reviewing, and creating a privilege log for such a vast amount of information from various sources, an additional eight weeks is necessary to complete the disclosures stated in Section IV of the Court's Order.  ECF No. 59, at 5.

5

More fundamentally, the government believes that the April 28 and May 12 disclosure deadlines should be held in abeyance pending the Court's ruling on the government's motion to dismiss. The defendant's discovery and show cause motions—as well as the government's responses to those motions—were all filed before the motion to dismiss. Similarly, the motions hearing and the parties' arguments at that hearing were all premised on the existence of an ongoing criminal prosecution against the defendant. As a result, neither the parties nor the Court has had occasion to address whether and how the motion to dismiss—should the Court grant it[1]—will impact the defendant's motions,

_____

[1] Although a court "has some discretion" in ruling on a government motion to dismiss under Rule 48(a), that discretion "is sharply limited by the separation of powers." *United States v. Bernard*, 42 F.4th 905, 909 (8th Cir. 2022). As the Eighth Circuit explained: "few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding whether to dismiss a proceeding once brought." *Id.* (cleaned up). As a result, courts can exercise their discretion to withhold leave in only "the rarest of cases," *id.*, such as "when the defendant objects to the dismissal, [or] when dismissal is clearly contrary to the manifest public interest." *United States v. Jacobo-Zavala*, 241 F.3d 1009, 1012 (8th Cir. 2001). "For a dismissal to be 'clearly contrary to manifest public interest,' the prosecutor must have had an illegitimate motive rising to the level of bad faith." *Bernard*, 42 F.4th at 909. This includes situations where there has been "prosecutorial harassment" (e.g., a pattern of charging, dismissing, and recharging), or extreme situations such as the prosecutor's "acceptance of a bribe, personal dislike of the victim, [or] dissatisfaction with the jury impaneled." *Id.* (quotation omitted). "Anything less is not enough." *Id.* The fact that a case raises issues that the public has an interest in seeing adjudicated is not a sufficient reason to deny dismissal. *See United States v. Dupris*, 664 F.2d 169, 174-75 (8th Cir. 1981).

Even in those circumstances, however, the Court's power is typically limited to either (1) dismissing the case with prejudice, or (2) when the bad

as well as the Court's jurisdiction, its authority to order disclosures, and to whom any disclosures should be directed.

For example, a dismissal will eliminate the original basis for the Court's exercise of jurisdiction over the case and raises issues of potential mootness. *See* 18 U.S.C. § 3231; *see also Anastasoff v. United States*, 235 F.3d 1054, 1056 (8th Cir. 2000). Indeed, the defendant himself admits that at least some of the issues raised in the case "will be mooted as to Mr. Adbebe with the dismissal of the case," even if those questions remain "for the Court." ECF No. 58, at 15. Similarly, the disclosures and associated deadlines were imposed in the context of an ongoing prosecution in which the defendant has certain legal rights to discovery and enjoys both the constitutional and statutory right to a speedy trial—but many of these rights will be mooted by any dismissal. *See* Fed. R. Crim. P. 16(a)(1)(E) (tying the government's disclosure obligations to information that is "material to preparing the defense" or which the government intends to use at trial); *United States v. Coppa*, 267 F.3d 132, 139 (2d Cir. 2001) ("*Brady* and its progeny are grounded in the Due Process Clauses of the Constitution," and the "essential purpose of the rules enunciated in these cases is to protect a defendant's right to a fair trial"); 18 U.S.C. § 3500 (limiting

---

faith is tied to an individual prosecutor, sending "the matter back to the government, which can then reassign the case to another prosecutor." *United States v. Adams*, 777 F. Supp. 3d 185, 192, 211-14 (S.D.N.Y. 2025). "A court cannot force the Department of Justice to prosecute a defendant." *Id.*

the Jencks Act requirements to criminal prosecutions).  Even if the Court were to continue to consider the issues of sanctions or contempt after the dismissal of the case, it is unclear whether Mr. Adbebe and his counsel should play any role in that process and should be the recipient of disclosures when there is no longer any ongoing prosecution.

In sum, the parties would benefit from the Court first addressing the threshold issue of dismissal before the parties continue to litigate this case. Should the Court grant the dismissal, the parties would also benefit from having an opportunity to be heard on how (if at all) the case will proceed after dismissal.  The government believes the Court would also benefit from having input from the parties on these issues.  Holding the disclosure deadlines in abeyance and proceeding in this sequence will allow the Court to tailor any further proceedings and ensure such proceedings are conducted under the correct legal framework.  This, in turn, will help clarify the issues, promote judicial economy, and avoid unnecessary litigation.

Holding the deadlines in abeyance will also not prejudice the defendant, who has consented to the dismissal of the case and will not suffer a delay in having the charges against him resolved.  To the extent the Court later determines that further proceedings on contempt or sanctions are warranted

even after a dismissal, it can hold a status conference and establish an appropriate schedule for any necessary disclosures at that time.[2]

<u>CONCLUSION</u>

For all the foregoing reasons, the government requests that the Court hold the disclosure deadlines in abeyance pending its ruling on the government's motion to dismiss or, alternatively, extend the disclosure deadlines for a period of eight weeks—to June 23, 2026.

Dated: April 28, 2026                    Respectfully Submitted,


DANIEL N. ROSEN
United States Attorney

KRISTIAN C.S. WEIR
Assistant U.S. Attorney

<u>*s/Robert G. Tucker III*</u>
BY: ROBERT G. TUCKER, III
Special Assistant U.S. Attorney
Bar # 24136128TX
300 South 4th Street
6th Floor
Minneapolis, MN 55415
202-230-4022
Email: robert.tucker@usdoj.gov

---

[2] Counsel for the government conferred with counsel for the defendant, who indicated that she opposed the relief sought in this motion.

9